UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )
                                        )        Criminal No. 98-0173 (PLF)
MICHAEL K. INGRAM,                      )
                                        )
                Defendant.              )
_____)


MEMORANDUM OPINION AND ORDER

On October 12, 2005, defendant in this criminal case filed a motion under

28 U.S.C. §§ 1361 and 1651, seeking to compel the Bureau of Prisons to correct its allegedly

improper calculation of his sentence.  The Court directed the government to respond to

defendant's motion, which it did on November 9, 2005, with a motion to transfer defendant's

motion to the United States District Court for the Middle District of Pennsylvania.  The Court

ordered the defendant to respond to the government's motion by January 23, 2006.

Defendant timely mailed a response to the government's motion to transfer to the

Clerk, but the response was not docketed until March 23, 2006.  In the interim, on March 6,

2006, the Court issued an Order denying defendant's motion and denying the government's

motion to transfer as moot.  In its Order, the Court agreed with the government's contention that,

because defendant's motion challenges the Bureau of Prisons' calculation of his sentence, the

"motion 'implicates the duration of his detention in the most elemental way' and therefore is

properly styled as a motion for *habeas corpus*.'"  Order of Mar. 6, 2006 at 1 (citing Chatman-Bey

v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)).  Because "it is established that writs of

*habeas corpus* must be directed to the detainee's custodian," and because defendant is incarcerated at the United States Penitentiary, Canaan, in Waymart, Pennsylvania, the Court agreed with the government's contention that the proper avenue for the relief sought would have been a *habeas* action in the United States District Court for the Middle District of Pennsylvania. Order of Mar. 6, 2006 at 1-2 (citing Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) and Connally v. Reno, 896 F. Supp. 32, 34 (D.D.C. 1995)). But because defendant's motion was filed in his criminal case, and there exists no independent civil action which could be transferred to that district, the Court denied the government's motion to transfer, and defendant's motion for a writ of mandamus without prejudice to its being re-filed as a petition for *habeas corpus* in the United States District Court for the Middle District of Pennsylvania.

Defendant has declined to follow the Court's suggestion that he file a *habeas* action in that court, filing instead a "Motion for Summary Judgment as to Whether the 'Writ of Mandamus' Should be Issued," and a motion for a stay of judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court has considered the arguments raised in those motions and in defendant's earlier response to the government's motion to transfer, and remains convinced that its March 6, 2006 Order was correct.

Defendant stresses that he characterized his original motion as a petition for a writ of mandamus under 28 U.S.C. §§ 1361 or 1651, not as a petition for a writ of *habeas corpus*, and that it was improper for the Court to re-style it as a *habeas* motion. This argument, however, is squarely contradicted by the D.C. Circuit's holding in Chatman-Bey v. Thornburgh that *habeas*, not mandamus, "is the Congressionally ordained remedy for parole eligibility cases." Chatman-Bey v. Thornburgh, 864 F.2d at 806. The court stated specifically in that case that because

2

"habeas is an available and potentially efficacious remedy" for alleged errors in the computation

of a prisoner's sentence, "it is clear beyond reasonable dispute that mandamus will not

appropriately lie" when a prisoner challenges the Bureau of Prisons' calculation of his sentence.

Id.

Defendant's arguments notwithstanding, the proper avenue for defendant to seek

relief in this case clearly is a petition for *habeas corpus* filed in the United States District Court

for the Middle District of Pennsylvania, and not a petition for a writ of mandamus in this Court.

The Court's March 6, 2006 Order denying defendant's motion for a writ of mandamus was

therefore correct, and defendant's two subsequent motions – which raise the same arguments as

his initial one – will be denied for the same reasons.  Accordingly, it is hereby

ORDERED that [27] defendant's motion for summary judgment is DENIED; and

it is

FURTHER ORDERED that [29] defendant's motion under Rule 60(b) is

DENIED.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 29, 2006


cc:     Michael K. Ingram
        #22090-016
        U.S.P. Canaan, P.O. Box 300
        Waymart, PA 18472

3